**In re the Petition for DISCIPLINARY ACTION AGAINST Lawrence E. OLSEN, an Attorney at Law of the State of Minnesota.**

No. C8–92–88.

Supreme Court of Minnesota.

June 12, 1992.

William J. Wernz, Director of Lawyers Professional Responsibility Bd., Thomas Vasaly, Asst. Director, St. Paul, for appellant.

Lawrence E. Olsen, pro se.

PER CURIAM.

The sole issue in this case is what discipline is appropriate for a lawyer who misappropriates $200,000 from his trust account and who fails completely to cooperate with the Office of Lawyers Professional Responsibility's investigation of the charges filed. The director recommends that we disbar respondent; we agree.

Respondent was admitted to practice law in Minnesota on June 3, 1964. In a petition dated January 3, 1992, served on the respondent on January 6, the director of the Office of Lawyers Responsibility sought disciplinary action against the respondent. An answer was due by January 27, 1992; to date, no formal response has been made.

The following facts alleged in the director's petition were deemed admitted by

our order of March 13, 1992, and are necessary to understand our action:

1. On May 11, 1990, in connection with a contemplated investment or business venture, H.D.C. (a Michigan attorney) wired $199,995 to respondent's trust account at Marquette National Bank, Minneapolis. Respondent agreed to hold these funds in his trust account pending a closing.

2. Respondent misappropriated the funds by making the following transfers from his trust account without H.D.C.'s knowledge or consent:

a. On May 14, 1990, respondent cashed a $50,000 check drawn on his trust account, using the proceeds to purchase cashier's checks payable to himself.

b. On May 21, 1990, respondent wired $50,000 to a bank account in his name in Rotterdam, Netherlands.

c. On May 30, 1990, respondent wired $100,000 to the bank account of L.R. in Tyler, Texas. L.R. had threatened suit because of respondent's failure to return $100,000 which L.R. had given respondent and a friend in 1989 to hold in trust in connection with an unrelated business venture.

d. On May 31, 1991, the trust account was credited with approximately $365 interest on the funds received from H.D.C. Respondent misappropriated most or all of this interest.

3. Respondent's misappropriation of funds violated the disciplinary rules, including but not necessarily limited to Minn.R.Prof.Conduct 8.4(c).

4. H.D.C. filed a complaint with the director's office alleging that respondent had misappropriated $200,000. On August 26, 1991, the director's office mailed respondent a copy of this complaint together with a notice requesting that he respond thereto within 10 days pursuant to Rule 25, Rules on Lawyers Professional Responsibility (RLPR) and Minn.R.Prof.Conduct 8.1(a)(3). Respondent did not do so.

5. On September 11, 1991, the director's office telephoned respondent's office/residence and was informed that the director's

August 26 correspondence would be faxed to respondent in Europe. In a September 17 letter to respondent's office, the director's office requested that respondent respond as soon as possible. In a September 19 fax from Switzerland, respondent stated that he expected to return to the United States no later than October 1 and would respond then.

6. In an October 3 letter, the director's office asked respondent to contact the director's office immediately. In an October 4 fax, respondent said that he had been detained in Europe until October 10 and would telephone the director's office on October 15.

7. In an October 15 fax, respondent said he had again been delayed but would appear in the director's office on October 25. On October 16, the director's office asked respondent to respond to H.D.C.'s complaint prior to the October 25 meeting.

8. In an October 24 fax, respondent said that he had been delayed and asked that the meeting be rescheduled to November 15.

9. On November 5, the director's office asked respondent to respond to the complaint by November 12. In a November 12 fax, respondent provided some information regarding the complaint, but did not state whether he had or had not misappropriated H.D.C.'s funds. On November 13, the director's office asked respondent to provide a more complete response to the complaint and to provide an authorization for his bank to release his trust account records to the director's office.

10. On November 15, an attorney telephoned the director's office and stated that he had been retained by respondent and that respondent had been delayed in Europe but expected to return around Thanksgiving. In a November 22 letter, that same attorney stated that respondent would respond to the director's November 13 letter.

11. The director issued charges of unprofessional conduct against respondent, together with a notice advising respondent that a prehearing meeting pursuant to Rule

9(e), RLPR would be held December 6, 1991. The notice informed respondent that failure to attend the prehearing meeting could result in the filing of a petition for disciplinary action without a panel hearing and could also be a separate ground for disciplinary action. The charges and notice were served by mail on the attorney on November 22 and on Mr. Olsen on November 27, 1991. In a December 4 letter, respondent was requested to contact the director's office immediately.

12. Neither respondent nor his designated attorney appeared for the December 6, 1991 prehearing meeting or communicated with the director's office concerning the meeting. To date, respondent has not responded to the director's November 13 and December 4, 1991 letters.

13. Respondent's failure to cooperate with the director's investigation and the disciplinary proceedings violated the disciplinary rules, including but not necessarily limited to Minn.R.Prof.Conduct 8.1(a)(3) and Rule 25, RLPR.

14. Because respondent has not responded in any meaningful way, the allegations in the petition are deemed admitted pursuant to Rule 13(b), RLPR.

It is obvious that, because of the severity of the offense committed by this attorney and in order to protect the public, respondent must be and hereby is disbarred.

IT IS SO ORDERED.