In re Petition for DISCIPLINARY ACTION AGAINST Kim L. HANSON, an Attorney at Law of the State of Minnesota.

No. C5–98–1096.

Supreme Court of Minnesota.

May 5, 1999.

ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Kim L. Hanson has committed professional misconduct warranting public discipline, namely, that she has been convicted of a felony, possession of methamphetamines with intent to sell, in violation of Rule 8.4(b), Minnesota Rules of Professional Conduct; and

WHEREAS, a hearing was held on the Director's petition for disciplinary action, and the assigned referee, The Honorable Randall J. Slieter, filed with this court findings of fact, conclusions of law, and recommendation for discipline dated January 28, 1999; and

WHEREAS, the referee found that respondent's conviction arose from a single act and did not involve her law practice or her clients; respondent cooperated with the Director's investigation and has never previously been disciplined; she stipulated that she violated Rule 8.4(b) as a result of the felony criminal conviction and does not deny the criminal act for which she was convicted; she is currently in compliance with her sentence, is remorseful for her misconduct, and intends to avoid future similar conduct; during the course of her law practice, respondent represented clients on a *pro bono* basis, was involved in community service and counseled battered women without fee; respondent has been treated for clinical depression and addiction to gambling; and if respondent successfully completes all probation terms of her sentence, her felony conviction will be deemed a misdemeanor as a matter of law; and

WHEREAS, respondent and the Director have stipulated that the referee's findings of fact and conclusions of law are conclusive and have stipulated that they jointly recommend imposition of the discipline recommended by the referee, namely that respondent be suspended from the practice of law for the

shorter of a period of five years or until respondent is successfully discharged from criminal probation, with conditions for reinstatement, including three years supervised probation; and

WHEREAS, respondent and the Director have further stipulated that if the joint recommendation for discipline is not adopted by this court, respondent requests that the court issue an order providing for briefing and oral argument limited to the issue of appropriate discipline; and

WHEREAS, this court has independently reviewed the file, and based on the facts as found by the referee and stipulated by the parties and mindful that the purpose of attorney discipline is not to punish the attorney but rather "to guard the administration of justice and to protect the courts, the legal profession and the public," *In re Serstock*, 316 N.W.2d 559, 561 (Minn.1982) (citation omitted), approves the jointly recommended disposition with the modification that respondent be suspended from the practice of law for a period of five years or until respondent is successfully discharged from criminal probation, *whichever is later*, with conditions for reinstatement, including three years supervised probation; and

IT IS HEREBY ORDERED that respondent is suspended from the practice of law for a period of five years from July 8, 1998 (the date of respondent's original suspension) or until she is successfully discharged from her criminal probation, whichever is later. During this suspension, respondent shall comply with all conditions of her criminal probation. Upon the expiration of five years or the respondent's successful discharge from criminal probation, whichever is later, she may petition for reinstatement. Such reinstatement shall be subject to the provisions of Rule 18, Rules on Lawyers Professional Responsibility, and the following conditions:

1. Respondent shall be on supervised probation for an additional three years;
2. Respondent shall not be involved in any further violations of the law;
3. Respondent shall follow all the recommendations of her chemical dependency treatment program and, upon request of the Director, submit to random urinalysis for drug screening at respondent's expense at a facility to be approved by the Director;
4. Respondent shall affirmatively show that she is psychologically fit to practice law; and
5. Respondent shall have no violations of the Minnesota Rules of Professional Conduct.

Respondent shall pay to the Director $900 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

IT IS FURTHER ORDERED that the forgoing provisions shall take effect fourteen days after the filing of this order unless within that period respondent files a request for briefing and argument on the issue of appropriate discipline, in which event this order shall be of no force or effect.

BY THE COURT:

/s/Alan C. Page

Associate Justice