In re Petition for DISCIPLINARY AC-
TION AGAINST Linda A. BROST, a
Minnesota Attorney, Registration No.
182692.

No. A08–1012.

Supreme Court of Minnesota.

March 31, 2009.

## ORDER

On June 17, 2008, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Linda A. Brost committed professional misconduct warranting public discipline, namely, using the expired notary stamp of a deceased notary, altering the stamp's expiration date, and forging his signature to fraudulently notarize her own signature on a certificate of trust prepared for a client; submitting the fraudulent document to a bank; and failing to cooperate with the Director's investigation in a disciplinary investigation, in violation of Minn. R. Prof. Conduct 8.1(a), 8.1(b), 8.4(c), and 8.4(d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

On October 15, 2008, the Director filed an amended petition and a stipulation under which respondent withdrew her previously filed answer and unconditionally admitted the allegations of the amended petition. The parties jointly recommended that the appropriate discipline is a 9–month suspension from the practice of law, with reinstatement by petition and hearing under Rule 18, RLPR.

By order filed on October 31, 2008, we ordered the parties to show cause why respondent should not be disbarred for attempted misappropriation of client funds. The language in the stipulation and stipulated amended petition made it

appear that respondent had admitted to attempting to convert the client's funds to her own use. On November 20, 2008, the Director filed a memorandum in response to the order to show cause, and on December 17, 2008, respondent did the same. The Director clarified the confusing stipulation; the Director indicates that respondent did not stipulate to an allegation that she intended to misappropriate the client's funds, and the Director does not believe there is sufficient evidence of such intent to support such a charge. In entering into the stipulation, the Director also considered the heavy burden an evidentiary hearing before a referee would have on a specific witness. Respondent maintains that she never intended to convert the client's funds, and put forth several mitigating circumstances surrounding her conduct.

We have independently reviewed the file. In determining the appropriate discipline, we consider four factors: "1) the nature of the misconduct, 2) the cumulative weight of the violations of the rules of professional conduct, 3) the harm to the public, and 4) the harm to the legal profession." *In re Singer*, 541 N.W.2d 313, 316 (Minn.1996). Sanctions are decided on a case-by-case basis after aggravating and mitigating circumstances are considered. *In re Rooney*, 709 N.W.2d 263, 268 (Minn. 2006).

We have previously recognized that the Director is "in the best position to weigh the cost and risk of litigation and to determine when a stipulated discipline will best serve the interests of the [Lawyers Professional Responsibility] Board." *In re Berg*, 741 N.W.2d 600, 606 (Minn.2007) (citing Rule 5, RLPR). Thus, we give deference to a Director's evaluation of the risks of litigation and decision to enter into

a stipulation. *See id.* Considering the additional clarifying information submitted by the Director and the respondent, our deference to the Director's weighing of litigation factors, and the length of the recommended discipline, we approve the stipulated disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Linda A. Brost is indefinitely suspended from the practice of law. Because the record before us indicates that respondent is not currently practicing law, the suspension is effective immediately upon filing of this order. Respondent may petition for reinstatement no earlier than 9 months from the date of filing of this order. Reinstatement is further conditioned upon: (1) compliance with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals); (2) successful completion of the professional responsibility examination pursuant to Rule 18(e), RLPR; and (3) satisfaction of the continuing legal education requirements pursuant to Rule 18(e), RLPR. Respondent shall pay costs in the amount of $900 pursuant to Rule 24, RLPR.

BY THE COURT:

Alan C. Page
Associate Justice