In re Petition for DISCIPLINARY ACTION AGAINST Juan Jesus RODRIGUEZ, a Minnesota Attorney, Registration No. 255488.

No. A08–1986.

Supreme Court of Minnesota.

June 14, 2010.

## ORDER

In November 2008, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Juan Jesus Rodriguez committed professional misconduct warranting public discipline, namely, misappropriating funds from a legal services organization by intercepting payments intended to pay the organization, in violation of Minn. R. Prof. Conduct 1.15(a) and 8.4(c), and misrepresenting the terms of agreements signed by clients with the legal services organization for the purpose of collecting additional funds for his own use, in violation of Minn. R. Prof. Conduct 4.1, 8.4(c), and 8.4(d).

Because respondent could not be found in the state or served personally with the disciplinary petition, in November 2008 we suspended respondent from the practice of law but allowed respondent one year in which to move for vacation of the order of suspension and for leave to answer the disciplinary petition. Respondent did not seek to vacate the order of suspension or otherwise appear in the matter and, in January 2010, we deemed the allegations of the disciplinary petition admitted and invited briefs from the parties as to the appropriate discipline. The Director has filed a brief recommending that respondent be disbarred. Respondent has filed a memorandum with the court indicating that he does not oppose disbarment.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Juan Jesus Rodriguez be, and the same is, disbarred.

BY THE COURT:

/s/ Alan C. Page
Associate Justice

ANDERSON, Paul H. (dissenting).

Juan Jesus Rodriguez stole approximately $650 from his low income clients so that he could buy illegal drugs. His actions were deplorable, which he readily admits. He violated rules 1.15(a), 4.1, 8.4(c), and 8.4(d) of the Minnesota Rules of Professional Conduct. And, under our previous disciplinary cases, Rodriguez's actions warrant disbarment absent him proving substantial mitigating factors. *See In re Weems* 540 N.W.2d 305, 308 (Minn. 1995). But Rodriguez has admitted to his misconduct and has not attempted to prove any mitigating factors. Indeed, he does not oppose the Director of the Office of Lawyers Professional Responsibility's recommendation of disbarment. For all of these reasons, the majority's decision to disbar Rodriguez appears to be a just decision. But it is not the right decision.

We have said that "[d]iscipline is imposed not to punish the lawyer, but to protect the public, to safeguard the administration of justice, and to deter potential future misconduct." *In re Stanbury,* 561 N.W.2d 507, 512 (Minn.1997). And, though we strive for consistency in lawyer discipline cases, we decide the appropriate sanction on a case-by-case basis. *See In re Wentzell,* 656 N.W.2d 402, 408 (Minn. 2003).

Given the circumstances of this case, I would suspend Rodriguez indefinitely, with leave to petition for reinstatement in five years. Rodriguez did not challenge the Director's recommendation of disbarment.

Rather, he wrote a memorandum to our court accepting with "gratitude the consequences of [his] addictive behavior." He did this as a "devoted member of Alcoholics and Narcotics Anonymous," which organizations encourage such acceptance as part of the recovery process. We should recognize and acknowledge, not punish, Rodriguez's choice.

Rodriguez is apparently deeply remorseful and committed to recovery from his addictions. If we disbar Rodriguez, there will be one less reason for him to work toward recovery. If we suspend him indefinitely, he will have an extremely steep hill to climb in order to be reinstated, but foreclosing that possibility does not further any of our stated goals in lawyer discipline cases. Here, disbarment does not protect the public more than indefinite suspension would; nor does it do more to safeguard the administration of justice. Further, disbarment will not likely deter similar misconduct by other lawyers. Allowing the possibility of reinstatement and return to the practice of law might aid in Rodriguez's recovery from drug addiction. Moreover, if Rodriguez recovers from this addiction, successfully seeks reinstatement, and returns to the practice of law, he will not be the first lawyer in Minnesota to have done so. Accordingly, I would indefinitely suspend Rodriguez for a period not fewer than five years.