ORDER
The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Brian James Engel committed professional misconduct warranting public discipline. The allegations of professional misconduct relate to respondent’s knowing involvement as an escrow agent in the fraudulent schemes of his clients and improper use of his client trust account in furtherance of those schemes, in violation of Minn. R. Prof. Conduct 1.2(d), 1.15(c)(4), and 8.4(c). Respondent admitted the allegations of the petition for purposes of this disciplinary proceeding and admitted he violated the Minnesota Rules of Professional Conduct as set forth in the petition, waived his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and entered into a stipulation with the Director in which the parties jointly recommended that the appropriate discipline is an indefinite suspension with no' right to petition for reinstatement for 2 years. Respondent acknowledged, however, that the court “may impose any of the sanctions set forth in Rule 15(a)(1) — (9), RLPR, including making any disposition it deems appropriate.”
Following submission of the stipulation, we ordered the parties to show cause why respondent should not be disbarred in light of the professional misconduct to which he admitted. • The Director and re *789 spondent filed responsive memoranda. We heard oral argument on" the appropriate discipline to be imposed in this case.
Respondent’s misconduct was a serious breach of the standards of professional conduct required of an attorney licensed in Minnesota. Respondent admits that he knowingly assisted his clients in three fraudulent schemes that resulted in the misappropriation of $4.7 million of investors’ funds by acting as an escrow agent in these schemes. Respondent further admits he made a misrepresentation to one of the investors in these schemes. Respondent’s status as an attorney and his use of an attorney escrow account gave the fraudulent schemes an air of legitimacy and perpetuated the damage caused by enabling his clients to continue the schemes. Moreover, respondent admits that he continued to act as escrow agent for his clients on the third fraudulent scheme even though the investors of one of the earlier fraudulent schemes had filed an ethics complaint against him.
Despite the serious nature of the misconduct involved, the unique circumstances of this case support the recommended disposition of an indefinite suspension with no right to petition for reinstatement for 2 years. Specifically, respondent’s role was limited to that of an escrow agent and there is no evidence that respondent received any personal financial gain as a result of the fraud. In addition, the Director agreed to the recommended discipline, in part, because of concerns involving problems of proof. We give deference to the Director’s evaluation of the risk of litigation and decision to enter into a stipulation. In re Brost, 763 N.W.2d 637, 638 (Minn.2009) (order); see also In re Clark, 848 N.W.2d 236, 236 (Minn.2014) (order) (highlighting that “[t]he Director has explained that the recommended discipline was agreed to because of concerns involving problems of proof’ when approving discipline recommended in a stipulation for discipline); In re Kalk, 829 N.W.2d 366, 367 (Minn.2013) (order) (same).
The purpose of discipline for professional misconduct is not to punish the attorney but rather to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys. In re Rebeau, 787 N.W.2d 168, 173 (Minn.2010). In light of the unique circumstances of this case, we conclude that a 2-year suspension coupled with the requirement to petition for reinstatement will adequately protect the public and the judicial system and deter future professional misconduct by respondent and others. This order, however, is predicated upon the information presented to us regarding respondent’s involvement in the fraudulent misconduct of his clients. We reserve the right to reopen this matter, in the event that other material evidence is made available to the court.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED that:
1. Respondent Brian James Engel is indefinitely suspended from the practice of law, effective from the date of the filing of this order, with no right to petition for reinstatement for a minimum of 2 years from the date of the filing of this order.
2. Respondent may petition for reinstatement pursuant to Rule 18(a) — (d), RLPR. Reinstatement is conditioned on successful completion of the professional responsibility portion of the state bar examination and satisfaction of the continuing legal educations requirements pursuant to Rule 18(e), RLPR.
*790 3. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.
BY THE COURT:
/s/_ Alan C. Page Associate Justice