

December 14, 2015

OFFICE OF
APPELLATE COURTS

STATE OF MINNESOTA

IN SUPREME COURT

A15-0223

In re Petition for Disciplinary Action against
Jeffrey H. Olson, a Minnesota Attorney,
Registration No. 0082004.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Jeffrey H. Olson committed the following professional misconduct warranting public discipline: failing to make a diligent and competent analysis of a potential client matter, including failing to competently take steps to confirm that a potential client was who she claimed to be; charging an unreasonable fee and making false statements to a client; obtaining money to which he had no legal entitlement from a bank; entering into a loan transaction with a client without the required consent; failing to communicate with clients about an appeal; charging a flat fee without the required disclosures; filing an untimely appeal; settling a matter without the clients' knowledge or consent; failing to maintain proper trust account books and records; improperly using a trust account to deposit loan proceeds and disburse them as payment of his own business expenses; and making false statements to the Director. *See* Minn. R. Prof. Conduct 1.1, 1.2, 1.3, 1.4(a), 1.4(b), 1.5(a), 1.5(b)(1), 1.8(a), 1.15(a), 1.15(c)(3), 1.15(h) (as interpreted by Appendix 1 thereto), 8.1(b), 8.4(a), and 8.4(c).

1

The parties filed a stipulation for discipline with the court. In it, respondent withdrew an answer he had previously filed, waived his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and unconditionally admitted the allegations in the petition, except for two paragraphs the Director has withdrawn. The parties jointly recommended that the appropriate discipline was an indefinite suspension for a minimum of 12 months with the right to petition for reinstatement after 9 months. Respondent acknowledged in the stipulation that, "based upon these admissions, this Court may impose any of the sanctions set forth in Rule 15(a)(1)-(9), RLPR, including making any disposition it deems appropriate" and that the Director had not made "any representations as to the sanctions the Court will impose."

We issued an order to show cause, directing the parties, in part, to show cause why respondent should not be subject to more severe discipline. The parties filed responsive memoranda with the court, and the court held oral argument in this case. Following oral argument, respondent filed a motion seeking leave to file a supplemental brief.

Some of the allegations in the petition for disciplinary action to which respondent has admitted indicate that respondent agreed to represent a person claiming to be Rina Walton in order to obtain payments that were purportedly due to her under a Japanese divorce degree. A person claiming to be Tomio Walton, Rina's former husband, sent respondent four checks drawn on accounts of various businesses, each of which was made out to respondent. Respondent deposited three of these checks, totaling approximately $973,000, into his trust account and then, based on Rina's instructions, wire transferred the money to bank accounts in the name of different businesses at banks in three foreign

2

countries. Respondent never asked Tomio why the businesses on which the checks were drawn owed him money or why they were willing to issue checks directly to respondent. Respondent also failed to ask Rina about her relationship to the business accounts to which the funds were transferred.

Respondent has also admitted that he improperly took for his own use some of the funds he received from Tomio. After depositing the first check into his trust account, respondent misappropriated $58,000 of these funds by paying his business expenses on five occasions. Respondent also paid himself a total of $4,372 after depositing the second and third check into his trust account.

Respondent has further admitted that Rina and Tomio "are false identities of persons whose real identity has not yet been discovered." He admits that "[t]he 'Waltons' enlisted respondent's help in presenting bogus checks to banks . . . and in using those checks to wrongfully obtain funds from banks for the Waltons and respondent . . . ." At the time respondent received the checks from Tomio, "respondent believed Rina Walton to be an actual person and client, that the legal matter in which he represented her was legitimate and that the funds he received on her behalf were authentic."

Although respondent's admissions show that he unintentionally assisted the "Waltons" in committing fraud, they also establish that respondent misappropriated at least $58,000 from his trust account, believing that money rightfully belonged to a client, and used it to pay his business expenses. Thus, respondent has admitted that he intended to misappropriate $58,000 in client funds. And although this money, unbeknownst to respondent, was fraudulently obtained by the Waltons and "in fact belonged to" a bank,

3

respondent has also admitted that he misappropriated $58,000 from a bank because he took this money when he "had no legal entitlement" to it.

The presumptive discipline for misappropriating client funds is disbarment unless there are "substantial mitigating circumstances." *In re Lundeen*, 811 N.W.2d 602, 608 (Minn. 2012). The Director argues that the presumption of disbarment should not apply to this case because the money respondent misappropriated actually belonged to several non-client banks to which Olson did not owe a fiduciary duty. We disagree. The presumption of disbarment applies when an attorney misappropriates funds from his or her trust account that belong to non-clients. We have disbarred attorneys who misappropriated funds from non-clients. *See, e.g., In re Rodriguez*, 783 N.W.2d 170, 170 (Minn. 2010) (order) (disbarring attorney who misappropriated $650 from a legal services organization); *In re Ramirez*, 577 N.W.2d 480, 480 (Minn. 1997) (order) (disbarring attorney who submitted false or duplicate expense-reimbursement reports to her employer); *In re Beach*, 502 N.W.2d 769, 769 (Minn. 1993) (order) (disbarring attorney who misappropriated $92,450 he received on behalf of a limited partnership); *In re Olsen*, 486 N.W.2d 382, 383-84 (Minn. 1992) (disbarring attorney who misappropriated $200,000 he was given to hold in connection with a contemplated business venture); *In re Ladd*, 463 N.W.2d 281, 283-84 (Minn. 1990) (disbarring attorney who misappropriated both client funds and $14,000 from a partnership and stating "[d]isbarment is further warranted by respondent's misappropriation of the $14,000 in expense funds of the Labor Center Lawyers"); *In re Larson*, 324 N.W.2d 656, 658-59 (Minn. 1982) (disbarring attorney who, among other things "misappropriate[ed] various checks in connection with" a company the attorney

4

controlled). And we have never held that disbarment is appropriate only when a lawyer misappropriates funds from a non-client to whom the attorney owes a fiduciary duty.

In their memoranda, the parties argued that the proposed discipline is based on several mitigating factors that are present in this case. We also give some deference to the Director's decision to enter into a stipulation for discipline. *See In re Brost*, 763 N.W.2d 637, 638 (Minn. 2009) (order). Nevertheless, based on the scope of respondent's misappropriation, his intent to misappropriate client funds, and the other, significant misconduct he committed, we conclude that the parties' recommended disposition is insufficient to protect the public and the judicial system and to deter future misconduct. *See In re Greenman*, 860 N.W.2d 368, 376 (Minn. 2015) ("The purpose of disciplinary sanctions is 'not to punish the attorney but rather to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys.' " (quoting *In re Rebeau*, 787 N.W.2d 168, 173 (Minn. 2010)). As a result, we reject the parties' recommended suspension and conclude that the appropriate disposition is an indefinite suspension with no right to petition for reinstatement for 3 years.

IT IS HEREBY ORDERED THAT:

1. Respondent Jeffrey H. Olson is indefinitely suspended from the practice of law, effective 14 days from the date of this order, with no right to petition for reinstatement for 3 years.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

3.     Within 10 days of the date of this order, respondent shall give written notice of this suspension to the entities for which he works as a judicial officer.

4.     Respondent may petition for reinstatement pursuant to Rule 18(a)-(d), RLPR, 3 years after the effective date of his suspension.   Reinstatement is conditioned on successful completion of the professional responsibility portion of the state bar examination and satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR.

5.     Respondent's motion for leave to file a supplemental brief is denied.

Dated:  December 14, 2015          BY THE COURT:

_____
David R. Stras
Associate Justice