December 15, 2016
**OFFICE OF APPELLATE COURTS**


STATE OF MINNESOTA

IN SUPREME COURT

A16-1274

In re Petition for Disciplinary Action against
James Carl Duchon, a Minnesota Attorney,
Registration No. 029925X.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent James Carl Duchon committed professional misconduct warranting public discipline. Duchon represented at least 26 clients during a 2-year period when he was subject to a disciplinary suspension. *See* Minn. R. Prof. Conduct 3.4(c), 5.5(a). Duchon misled people by holding himself out as a licensed attorney while he was suspended. *See* Minn. R. Prof. Conduct 7.1, 8.4(c). While engaged in the unauthorized practice of law, Duchon also committed client-related misconduct. He misappropriated client funds; engaged in a pattern of client neglect and non-communication; took retainer fees from multiple clients while suspended and failed to refund them; failed to deposit client funds into a trust account; and failed to provide a receipt for a cash payment from a client. *See* Minn. R. Prof. Conduct 1.3, 1.4(a)(3)-(4), 1.5(a)-(b), 1.15(a), 1.15(h), as interpreted by Appendix 1 thereto, 1.16(d), 8.4(c)-(d). Finally, Duchon failed to cooperate with the Director's disciplinary investigations. *See* Rule 8.1(b); Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

The parties have filed a stipulation for discipline with the court. In it, Duchon withdraws his previously filed answer, unconditionally admits the allegations in the petition for disciplinary action, and waives his rights under Rule 14, RLPR. The parties recommend that, in light of mitigating factors, the appropriate discipline is an extension of respondent's current indefinite suspension for a minimum of 3 years.

"The presumptive discipline for misappropriating client funds is disbarment unless there are 'substantial mitigating circumstances.' " *In re Olson*, 872 N.W.2d 862, 863-64 (Minn. 2015) (quoting *In re Lundeen*, 811 N.W.2d 602, 608 (Minn. 2012)). Moreover, attorneys who engage in the unauthorized practice of law while subject to a disciplinary suspension by representing multiple clients over a substantial period of time are subject to disbarment. *See In re Jaeger*, 834 N.W.2d 705, 707. 710 (Minn. 2013) (disbarring an attorney for representing clients in nine trademark proceedings over a 7-month period while on a disciplinary suspension). Duchon's unauthorized practice of law was particularly egregious. Duchon flouted our order suspending him by representing at least 26 clients over the course of 2 years.

The parties have provided us with evidence that mitigating factors are present in this case, including mental-health problems and extreme personal stress. We do not consider the payment of partial restitution a mitigating factor in this case. Duchon repaid a retainer to one client, but he did so only after the client hired a new attorney and filed a lawsuit against Duchon. *See In re Severson*, 860 N.W.2d 658, 673 (Minn. 2015) (noting in a discussion of aggravating and mitigating factors that it was "troubling" that a former client "was required to commence a lawsuit" in order to receive a payment from the attorney).

2

Nevertheless, we agree that disbarment is not warranted because substantial mitigating circumstances exist.

The purpose of discipline for professional misconduct is not to punish the attorney but to protect the public and the judicial system and to deter future professional misconduct. *In re Plummer*, 725 N.W.2d 96, 98 (Minn. 2006). Given the significant misconduct Duchon committed, we conclude that the parties' recommended disposition is insufficient to protect the public and the judicial system and to deter future misconduct. As a result, we reject the parties' recommended disposition and conclude that an appropriate disposition is a 5-year suspension.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.   Respondent James Carl Duchon is indefinitely suspended from the practice of law with no right to petition for reinstatement for 5 years from the date of this order.

2.   Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals) and shall pay $900 in costs pursuant to Rule 24, RLPR.

3.   Respondent shall enter into payment plans with his former clients, D.H. and B.A. Under these payment plans, respondent shall make monthly payments of $50 to D.H. until he has paid restitution of $400 and shall make monthly payments of $50 to B.A. until he has paid restitution of $750.

4.   Respondent may petition for reinstatement pursuant to Rule 18(a)-(d), RLPR. Reinstatement is conditioned on (a) successful completion of the written examination

3

required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility, (b) satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR, (c) complete restitution to D.H. and B.A., and (d) compliance with the terms of this court's March 19, 2013 suspension order.

Dated: December 15, 2016        BY THE COURT:

David R. Stras
Associate Justice